PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00074-JLT-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| ERIK D. MENDOZA-CONTRERAS, | DATE: November 16, 2022 |
| Defendant. | TIME: 1:00 p.m. |
| | COURT: Hon. Sheila K. Oberto |

This case is set for status on November 16, 2022. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

1    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

2    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

3    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

4    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

5    or in writing").

6         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7    and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

8    justice continuances are excludable only if "the judge granted such continuance on the basis of his

9    findings that the ends of justice served by taking such action outweigh the best interest of the public and

10   the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

11   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

12   the ends of justice served by the granting of such continuance outweigh the best interests of the public

13   and the defendant in a speedy trial."  *Id.*

14        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

15   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

16   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

17   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

18   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

19   recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

20   *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

21   following the September 11, 2001 terrorist attacks and the resultant public emergency).

22        The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

23   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

24   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

25   continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

26   1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

27   detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

28   speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel, hereby stipulate as follows:

1.      By previous order, this matter was set for status on November 16, 2022.

2.      By this stipulation, defendants now move to continue the status conference until March 15, 2023, and to exclude time between November 16, 2022, and March 15, 2023, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, videos, photographs, and digital evidence.  The government provided initial discovery and supplemental discovery.  On September 26, 2022, the government produced a second batch of supplemental discovery.

b)      Counsel for defendant desires additional time to review discovery, consult with his client, discuss potential resolutions with his client, and otherwise prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the

1    case as requested outweigh the interest of the public and the defendants in a trial within the

2    original date prescribed by the Speedy Trial Act.

3          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4    et seq., within which trial must commence, the time period of November 16, 2022 to March 15,

5    2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv)

6    because it results from a continuance granted by the Court at defendant's request on the basis of

7    the Court's finding that the ends of justice served by taking such action outweigh the best interest

8    of the public and the defendants in a speedy trial.

9          4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

10   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

11   must commence.

14          IT IS SO STIPULATED.

17   Dated:  November 14, 2022                    PHILLIP A. TALBERT
                                                  United States Attorney

19                                                /s/ *Antonio J. Pataca*
                                                  ANTONIO J. PATACA
20                                                Assistant United States Attorney

22   Dated:  November 14, 2022                    /s/ *Nicholas Reyes*
                                                  NICHOLAS REYES
23                                                Counsel for Defendant
                                                  Erik D. Mendoza-Contreras

## **ORDER**

IT IS SO ORDERED that the status conference is continued from November 16, 2022, to **March 15, 2023, at 1:00 p.m. before Magistrate Judge Sheila K. Oberto**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv).

IT IS SO ORDERED.

Dated:   **November 14, 2022**            /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT